**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-20544
Summary Calendar

CRAIG HOWARD,

Plaintiff-Appellant,

VERSUS

THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

(H-96-CV-3093)

March 4, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

Per Curiam:[*]

Appellant Craig Howard appeals the district court's order granting The Equitable Life Assurance Society of the United States (hereinafter "Equitable") summary judgment and awarding Equitable $420,949.30 for repayment of benefits. Finding error, we reverse

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and remand.

## BACKGROUND

Howard purchased two disability insurance policies from Equitable. The first policy had an effective date of August 16, 1990. The second policy which covered business overhead expenses (BOE) had an effective date of December 19, 1991. Before Equitable would underwrite the BOE policy, it requested Howard to submit to a medical exam.

After both polices were in effect, Howard was involved in an automobile accident on December 30, 1992, which caused serious injury to his right knee. As a result of this injury, Howard filed a claim with Equitable requesting benefits under both policies. Benefits were paid pursuant to the BOE policy for the contractually specified period of two years. Benefits were paid under the disability policy until July 31, 1995, at which time Equitable determined that Howard no longer met the criteria for total disability under the policy. At that time, Howard's treating physician had not given him permission to return to work.

Howard then sought residual disability benefits, to begin on the date his physician gave him permission to return to work, December 5, 1995. Howard received written notice that his claim for residual benefits was denied.

Howard brought suit in state court seeking to recover benefits for total disability from the period Equitable stopped paying him benefits until he was released to return to work by his treating

physician. Howard further sought to recover benefits for partial disability from December 5, 1995, to the present. The lawsuit alleged breach of contract, violations of the Texas Insurance Code and the Deceptive Trade Practices Act, as well as breach of the duty to deal fairly and in good faith. Equitable denied these claims and filed a counterclaim for overpaid benefits asserting that Howard was never entitled to disability benefits he had received under false pretenses. Equitable removed the lawsuit to federal court asserting diversity jurisdiction as well as federal question jurisdiction under the Employment Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.* ("ERISA").

Equitable filed a motion for summary judgment on Howard's state law claims. The district court conducted an abbreviated hearing on the motion. At the beginning of the hearing, the district court asked Equitable about ERISA preemption. Equitable responded that it elected not to brief the ERISA issue in its motion because it did not have sufficient discovery at that time to do so.[2] Equitable instead relied upon its argument that Howard was not disabled to support its motion for summary judgment on the state law claims. At the conclusion of the hearing, the district court made the following finding:

> I have looked at the evidence and found that you didn't carry a sufficient weight of evidence to get past the claims adjustor stage. And so he owes the money he was

---

[2]*See* Transcript of Summary Judgment Hearing, p.3.

3

erroneously paid back because he has complained that they paid him and that they didn't keep paying him.[3]

No further order was entered except a final judgment awarding Equitable $420,949.30 for repayment of benefits and a brief order denying Howard's motion for reconsideration. Howard timely filed a notice of appeal.

ANALYSIS

We review a district court's grant of summary judgment *de novo* using the same standard of review as the district court. *Exxon Corp. v. St. Paul Fire and Marine Insur. Co.*, 129 F.3d 781, 784 (5th Cir. 1997). The summary judgment of the district court cannot stand because it was granted pursuant to its diversity jurisdiction. Equitable removed this action on the basis of both diversity jurisdiction and ERISA preemption. Whether Equitable can prevail on the state law claims as a matter of law is irrelevant if ERISA preempts Howard's state law claims. *Cf. Hermann Hospital v. MEBA Medical & Benefits Plan*, 845 F.2d 1286 (5th Cir. 1988) (affirming the district court finding that the plaintiff's common law claims were preempted by ERISA, and therefore diversity jurisdiction could not be maintained). Even if the district court entertained Howard's claims under its diversity jurisdiction, the court would have to apply federal law to determine questions of preemption. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363

---

[3]Transcript of Summary Judgment Hearing, p.15.

4

(5th Cir. 1995). The preemption analysis necessarily must be conducted first.

On appeal, Equitable argues that even if we find a genuine issue of material fact in dispute regarding Howard's state law claims, it can still prevail under ERISA. Although urged by Equitable to do so, we will not review this case under ERISA when ERISA preemption was never adjudicated at the district court level. *Carrigan v. Exxon Co.*, 877 F.2d 1237, 1240 n.7 (5th Cir. 1989). Indeed, at the summary judgment hearing, Equitable stated that it had not conducted sufficient discovery to brief the ERISA issue. Because removal jurisdiction was invoked pursuant to ERISA, the district court must address the issue of ERISA preemption first.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is REVERSED and the cause is REMANDED for further proceedings.